# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2411

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| James Archambault, also known as | * | |
| James Skunk, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 21, 2003

Filed:  May 12, 2004

_____

Before BYE, JOHN R. GIBSON, and MELLOY, Circuit Judges.

_____

PER CURIAM.

James Archambault appeals the district court's[1] denial of his motion to dismiss the indictment against him, contending nonmember Indians cannot be tried in both tribal and federal court for the same offense conduct without violating the Double Jeopardy Clause.  Archambault also appeals the district court's order quashing his subpoena of a tribal treasurer, who Archambault posits would present evidence of the

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

financial relationship between the tribe and the federal government, in support of his claim the tribe's authority to prosecute nonmember Indians was delegated rather than inherent. Because we conclude both of Archambault's contentions are controlled and precluded by the Supreme Court's recent decision in <u>United States v. Lara</u>, 124 S. Ct. 1628, 1639 (2004) (holding tribes have inherent, rather than delegated, power to prosecute nonmember Indians and thus prosecutions brought by a tribe and the federal government for same offense conduct are brought by different sovereigns and do not violate the Double Jeopardy Clause), we affirm the district court.

_____